IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CYNTHIA M. WINN,

        Plaintiff,                  Case No. 3:13-cv-054

vs.                                        Judge Thomas M. Rose

CAROLYN W. COLVIN,            Chief Magistrate Judge Sharon L. Ovington
Acting Commissioner of Social Security,

        Defendant.

---

**ENTRY AND ORDER GRANTING THE COMMISSIONER'S OBJECTIONS TO THE CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #15); AFFIRMING THE COMMISSIONER'S DECISION THAT WINN WAS NOT DISABLED AND TERMINATING THIS CASE**

---

Cynthia M. Winn ("Winn") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that she is not disabled and, therefore, not entitled to Social Security disability benefits. On January 22, 2014, Chief United States Magistrate Judge Sharon L. Ovington entered a Report and Recommendations (doc. #14) recommending that the Commissioner's decision that Winn was not disabled be vacated and the matter be remanded to the Social Security Administration. The Commissioner objected arguing that the Administrative Law Judge's ("ALJ's") decision should be affirmed. Winn responded arguing that the Report and Recommendations should be adopted.

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the

District Judge has made a de novo review of the record in this case. Based upon the reasoning and citations of authority set forth in the Chief Magistrate Judge's Report and Recommendations (doc. #14) and in the Commissioner's Objections (doc. #15) and Winn's Response (doc. #16), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court affirms the Commissioner's decision that Winn was not disabled in accordance with the Social Security Act.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939). Thus, the Commissioner has a "zone of choice" within which he or she can act without the fear of interference from the court. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal

even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## ANALYSIS

### Error as a Matter of Law Regarding Dr. Wee's Opinion

The Report and Recommendation finds that the ALJ erred as a matter of law in the treatment of the opinion of psychiatrist Dr. Amparo Wee. Winn also objects to the ALJ's treatment of the opinion of Dr. Wee.

Specifically, the Report and Recommendation finds that the ALJ erred by overlooking or ignoring several aspects of Dr. Wee's assessment which was based upon observable clinical signs and symptoms, by requiring objective medical evidence to support Dr. Wee's opinions and by not addressing Dr. Wee's opinion that Winn's symptoms of depression impeded her ability to cope with her physical pain.

Winn argues that the ALJ had no cause to question the treating opinions of Dr. Wee. Winn also argues that the ALJ ignored or overlooked evidence supporting Dr. Wee's opinions and seemed only to search through Dr. Wee's reports for reasons to discount the opinions.

### Dr. Wee's Opinion

Winn provided interrogatories prepared by Dr. Wee. (PAGEID 698-710.) Dr. Wee began treating Winn in June of 2010 when a former treating source retired. The interrogatories were

completed on August 19, 2010.

It is difficult to ascertain from reading Dr. Wee's answers to the interrogatories whether his conclusions are based upon what Winn has reported to him or are based upon clinical signs and symptoms that he observed. However, the Court will give Winn the benefit of the doubt and assume that some, if not all of, Dr. Wee's answers are based upon more than Winn's self - reported symptoms.

Dr. Wee indicates, in the interrogatories, that Winn has a long history of depression with suicidal ideation. He says that Winn is paranoid and reports difficulty focusing on the job. Dr. Wee also indicates that Winn has poor concentration which limits her ability to carry out her job. He indicates that Winn cannot respond appropriately to supervision, co-workers and customary work pressures and that she cannot meet the normal standards of work productivity and work accuracy without significant risk of physical or psychological decompensation or worsening of her physical and mental impairments. In addition, Dr. Wee indicates that Winn cannot sustain attention and concentration on her work to meet normal standards of work productivity and work accuracy. Finally, Dr. Wee indicates that Winn cannot understand, remember and carry out simple work instructions without requiring very close supervision and that she cannot behave in an emotionally stable manner. Dr. Wee concludes that Winn has "marked" restrictions of activities of daily living, has "marked" difficulties in maintaining social functioning and has "marked" deficiencies of concentration, persistence and pace.

The ALJ's Opinion

The ALJ gave Dr. Wee's opinion little weight. (PAGEID 67-82.) The ALJ assigned no weight to Dr. Wee's comments pertaining to Winn's physical condition because Dr. Wee did not

treat Winn for physical impairments. The ALJ extensively addressed Dr. Wee's opinion regarding Winn's mental functioning capabilities:

> Dr. Wee's pessimistic conclusions concerning the claimant's mental functioning capabilities are likewise not borne out by mental health treatment records. For example, at about the same time Dr. Wee completed the interrogatories for claimant's counsel, a psychiatric treatment record indicates that the claimant was "doing well" and that she did not have any problems (see Exhibit 24F at 43). Another report states that the claimant had an appointment to complete paperwork for her disability application and in the same entry it notes that she was "doing well on her med[ication]s" (Exhibit 24F at 39). Dr. Wee's assertion that the claimant's mental functioning capabilities are "markedly" limited (see Exhibit 21F at 9-10) is curious in light of the following references contained in mental health treatment records:
>
> - October 6, 2009 – claimant planning to attend a singles mixer (Exhibit 19F at 42);
>
> - November 13, 2009 – attended the mixer and had a good time (Exhibit 19F at 35);
>
> - November 30, 2009 – making good progress. Went to Alabama with a friend for the holiday and had a great time (Exhibit 19F at 30);
>
> - June 8, 2010 – doing much better. Very involved in her church (Exhibit 24F at 16);
>
> - July 13, 2010 – doing well. Feeling better. Appeared well and happy (Exhibit 24F at 13).
>
> It was also stated that the claimant was going to church and "doing much better overall" (Exhibit 24F at 10). It was recommended that the claimant cut back her therapy sessions to only monthly because of her improvement. It was noted that she had "make a lot of progress," that she was "getting out more," and that she was now able to set "very healthy boundaries" and engage in "a lot of positive activities." Finally, it was stated that the claimant "has a good social support system in place and [that she] is very open and cooperative in session" (Exhibit 24F at 5).
>
> Furthermore, Dr. Wee acknowledged that the claimant's ability to understand, remember, and carry out simple job instructions is good and that her ability to understand, remember, and carry out detailed, but not complex, job instructions is fair (Exhibit 22F at 2).

5

>Consequently, the degree of limitation described by Dr. Wee is found to be excessive in view of the inconsistent references contained in mental health treatment records detailed above. The overly pessimistic assessment of the claimant's mental functioning capabilities provided by Dr. Wee is rejected as being less than credible. It is entitled to little weight when viewed within the context of the entire record.

### The "Treating Physician" Rule

An ALJ is required to give the opinion of a treating source, such as Dr. Wee, controlling weight if the ALJ finds that the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques **and** "not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004) (emphasis added). If the opinion of the treating source is not given controlling weight, such as the case with Dr. Wee's opinion, the ALJ must apply the following factors when determining what weight to give the opinion: the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; supportability of the opinion; consistency of the opinion with the record as a whole; and the specialization of the treating source. *Id.*

### Review of the ALJ's Opinion

The ALJ evaluated Dr. Wee's opinion and concluded that it was entitled to little weight. The ALJ gave little weight to treating physician Dr. Wee's opinion because the ALJ found that Dr. Wee's opinion was not consistent with other evidence in the record.

If Dr. Wee's opinion is not given controlling weight the ALJ must apply the factors listed above to determine what weight to give Dr. Wee's opinion. This the ALJ did, and decided that Dr. Wee's opinion was to be given little weight. Therefore, the ALJ did not err as a matter of law regarding Dr. Wee's opinion.

6

The Magistrate Judge found that the ALJ erred by overlooking or ignoring several aspects of Dr. Wee's assessment which was based upon observable clinical signs and symptoms. However, the ALJ did not discredit Dr. Wee's assessment because it was not based upon observable clinical signs and symptoms or because it did not include objective medical evidence. The ALJ discredited Dr. Wee's assessment because it was not consistent with other substantial evidence in the record.

The Magistrate Judge also found that the ALJ erred because the ALJ did not address Dr. Wee's opinion that Winn's symptoms of depression impeded her ability to cope with her physical pain. However, the ALJ gave little weight to Dr. Wee's opinion so there was no need to address that opinion.

Winn argues that the ALJ had no cause to question the treating opinion of Dr. Wee. However, examining the medical evidence in detail would seem to be the ALJ's job.

Winn also argues that the ALJ "seemed" only to search through Dr. Wee's reports for reasons to discount the opinions. Once again, reviewing medical evidence in detail would seem to be the ALJ's job.

## Substantial Evidence In the Record

The Report and Recommendations finds that the residual functional capacity ("RFC") for Winn used by the ALJ is not supported by relevant evidence in the record because the ALJ failed to properly consider any mental limitations and only considered Winn's alleged exertional limitations when developing Winn's RFC.

The mental health providers as Daymont Behavorial Health Center, Dr. Wee, and Dr. Jones diagnosed Winn with mental impairments which affected her ability to perform work-

related activities. In addition, the reviewing mental health experts – Drs. Haskins and Chambly – reported that Winn had a mental impairment that affected her ability to perform work-related activities. They also reported that she is moderately limited in some areas of functioning. (PAGEID 499-500.)

> The ALJ found that:
>
> There is no substantial evidence of repeated episodes of decompensation each of extended duration. The evidence does not document the existence of a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicated to cause the claimant to decompensate. The evidence does not document a current history of one or more years' inability to function outside a highly supportive living arrangement with an indication of continued need for such an arrangement.
>
> After careful consideration of the evidence of record, it is found that the claimant has not met the burden of proving the existence of a mental impairment that has existed at a "severe" level for a continuous period of at least 12 months. To be considered "severe" and potentially "disabling" an impairment must be expected to result in death or must have lasted or be expected to last for a continuous period of at least 12 months (20 CFR 404.1509).
>
> The "moderate" level of limitation described by examining psychologist Dr. Jones and evaluating BDD psychologists Dr. Haskins and Dr. Chambly in some aspects of mental functioning is rejected as being non-representative of the claimant's longitudinal mental functioning capabilities (i.e. the weight of the evidence does not establish that the claimant has experienced more than "mild" limitation in any area of mental functioning over an extended period of time of at least 12-months duration). The claimant's condition responded favorably to psychological counseling and the use of psychotropic medication based on mental health treatment records. No substantial evidence has been presented to show that the claimant's ability to relate to other persons continues to be moderately impaired; that her ability to understand, remember, and follow instructions continues to be moderately impaired; or that her ability to cope with the stress of day-to-day work activity continues to be moderately impaired.
>
> It is found that the claimant has not met the burden of proving the existence of a mental impairment that has existed as a "severe" level for a continuous period of at least 12 months.
>
> While there may be evidence in the record that Winn has a mental impairment, there is no

evidence that she has a "severe" mental impairment. Further, it is not the Court's responsibility to weigh the evidence and make its own determination. The ALJ's conclusions regarding whether Winn has a "severe" mental impairment is supported by evidence in the record and there is no evidence to the contrary.

Further, the ALJ's finding that Winn had a residual functional capacity for sedentary work despite having a severe physical impairment is not inconsistent with the evidence of record nor is it inconsistent with the mental impairments identified by the ALJ. Thus, with regard to Winn's alleged mental impairments, the ALJ's determination is supported by substantial evidence in the record.

Having carefully reviewed the administrative record and the Parties' briefs and having carefully considered the ALJ's analysis leading to the non-disability finding, the Court finds that the ALJ applied the correct legal criteria and the record as a whole contains substantial evidence to support the ALJ's decision. As a result, the Commissioner's Objections to the Chief Magistrate Judge's Report and Recommendations (doc. #15) are GRANTED. The Commissioner's decision that Winn was not disabled is AFFIRMED. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Thirty-First Day of March, 2014.

                                             **s/Thomas M. Rose**

                                             JUDGE THOMAS M. ROSE
                                             UNITED STATES DISTRICT COURT

Copies furnished to: Counsel of Record